DAVID M. HELBRAUN (SBN 129840)
**HELBRAUN LAW FIRM**
555 Montgomery Street, Suite 605
San Francisco, California 94111
Telephone: (415) 982-4000
Email: dmh@helbraunlaw.com

Attorneys for Plaintiff
ANTHONY PAZMINO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PAZMINO,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF VACAVILLE, VACAVILLE POLICE DEPARTMENT, VACAVILLE POLICE CHIEF IAN SCHMUTZLER, OFFICER COLE SPENCER, OFFICER CHARLES BAILEY, OFFICER DANIEL BAXLEY, OFFICER MATTHEW TAYLOR, OFFICER RALPH VALLIMONT, OFFICER JAMES CRISTE, OFFICER SEAN KELLY, OFFICER JESSE OUTLY, SGT. KATHLEEN CORDONA, AND DOES 1-25,<br><br>Defendants. | Case No. 22-cv-00273-JAM-DB<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES<br><br>JURY TRIAL DEMANDED |

Plaintiff ANTHONY PAZMINO, by and through his attorneys, the HELBRAUN LAW FIRM, for his First Amended Complaint against Defendants, states as follows:

## I. INTRODUCTION

1. On February 14, 2020, Plaintiff Anthony Pazmino was arrested for allegedly driving under the influence of alcohol. He was taken to the Vacaville Police Department, located at 660 Merchant Street in Vacaville, California. Defendants obtained a warrant to permit a blood alcohol content ("BAC") blood sample draw, to be performed "in a medically approved manner." Plaintiff asked to see the warrant, but Defendants did not permit him to see it. Defendants forcibly obtained a blood sample and did not do so in a medically approved manner. Defendants handcuffed Plaintiff excessively tightly and forcibly placed him in

**FIRST AMENDED COMPLAINT AND JURY DEMAND**                                                                 1

a WRAP restraint, which immobilizes the subject's legs as well. Defendants repeatedly struck Plaintiff, and applied a choke hold and a carotid restraint hold to Plaintiff's neck unnecessarily and/or for an unreasonably prolonged period, injuring Plaintiff. Plaintiff was not resisting. Defendants' use of force on Plaintiff was unreasonable and excessive under the circumstances.

## II. JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12133 and the statutory and common law of the State of California. Jurisdiction is based upon 28 U.S.C. § 1343 and 29 U.S.C. §§ 794 and 706(8)(B), and the Court's pendent jurisdiction over the state claims.

## III. PARTIES

3. Plaintiff Anthony Pazmino was at all material times a resident of the City of Vacaville, State of California.

4. Defendant City of Vacaville ("Vacaville") is a municipal corporation established by the laws and Constitution of the State of California, and owns, operates, manages, directs and controls the City of Vacaville Police Department ("VPD") which employs other defendants in this action.

5. Defendant VPD Police Chief Ian Schmutzler ("Schmutzler") at all times material was the VPD Chief of Police, acting within the course and scope of his employment.

6. Defendant VPD Officer Cole Spencer ("Spencer") at all times material was a VPD police officer, and was acting within the course and scope of his employment.

7. Defendant VPD Officer Charles Bailey ("Bailey") at all times material was a VPD police officer, and was acting within the course and scope of his employment.

8. Defendant VPD Officer Daniel Baxley ("Baxley") at all times material was a VPD police officer, and was acting within the course and scope of his employment.

9. Defendant VPD Officer Matthew Taylor ("Taylor") at all times material was a VPD police officer, and was acting within the course and scope of his employment.

10. Defendant VPD Officer Ralph Vallimont ("Vallimont") at all times

material was a VPD police officer, and was acting within the course and scope of his employment.

11. Defendant VPD Officer James Criste ("Criste") at all times material was a VPD police officer, and was acting within the course and scope of his employment.

12. Defendant VPD Officer Sean Kelly ("Kelly") at all times material was a VPD police officer, and was acting within the course and scope of his employment.

13. Defendant VPD Officer Jesse Outly ("Outly") at all times material was a VPD police officer, and was acting within the course and scope of his employment.

14. Defendant VPD Sergeant Kathleen Cordona ("Cordona") at all times material was a VPD police officer, and was acting within the course and scope of his employment.

15. The true names and capacities of Defendants sued herein as DOES 1-25 ("Doe Defendants") are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff will seek leave to amend this complaint to show their true names and capacities when the same are ascertained. At all material times, each Doe defendant was an employee or agent of Defendant City of Vacaville and/or VPD acting within the course and scope of that employment.

16. Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein was negligently, wrongfully and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff. Further, one or more Doe Defendants were at all material times responsible for the hiring, training, supervision, and discipline of other Defendants, and/or directly responsible for violations of Plaintiff's rights.

17. Each individual defendant is sued in his or her individual and official capacities.

18. Plaintiff is informed and believes, and based upon such information and belief alleges, that each of the defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the defendants herein gave

**FIRST AMENDED COMPLAINT AND JURY DEMAND**   3

consent, aid and assistance to each of the remaining defendants, and ratified and/or authorized the acts or omissions of each defendant as alleged herein, except as may be hereinafter otherwise alleged.

19. At all material times, each defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiff's rights under the United States Constitution and the laws and Constitution of the State of California, and other harm.

20. At all material times, each defendant acted under the color of the laws, statutes, ordinances and regulations of the State of California, and pursuant to the actual customs, policies, practices and procedures of the governmental entity by which they were employed or retained.

21. This complaint may be pled in the alternative pursuant to FRCivP 8(d).

## IV. **STATEMENT OF FACTS**

22. On February 14, 2020, Plaintiff was arrested for allegedly driving under the influence of alcohol.

23. Plaintiff was arrested and taken to the Vacaville Police Department at 660 Merchant Street in Vacaville, California.

24. Defendants then sought and obtained a warrant to permit a blood alcohol content ("BAC") blood sample draw from Plaintiff. Plaintiff is informed and believes and thereon alleges that the warrant specified in part that, "This sample shall be obtained in a medically approved manner by a person who is certified to draw blood." Plaintiff is further informed and believes, and thereon alleges, that the warrant also provided in part, "if officers have notified the arrestee that a warrant for this procedure has been used, they may use reasonable force to obtain the evidence."

25. Plaintiff asked to see the warrant but was not permitted to see it or read it for himself.

26. Before any blood sample was taken, defendants VPD Officers Spencer, Bailey, Baxley, Taylor, Vallimont, Criste, Kelly, Outly, and Sgt. Cordona ("the VPD officer defendants") jointly, as a team, immobilized or assisted in immobilizing Plaintiff within a holding

cell at the Vacaville Police Department. Certain VPD officer defendants handcuffed Plaintiff, and did so excessively tightly, causing pain and injury. Other VPD officer defendants kneed and kicked Plaintiff. One VPD officer defendant applied a choke hold around Plaintiff's neck, unnecessarily and for a prolonged period, and which made it difficult for Plaintiff to breathe.

27.     Several VPD officer defendants placed Plaintiff into a so-called WRAP restraint, immobilizing his legs. Other VPD officer defendants covered Plaintiff's head with a cloth hood, which made it more difficult for him to breathe. The VPD officer defendants then sat Plaintiff in this immobilized position upright on the holding cell floor, handcuffed, hooded, and legs outstretched in front of him, immobilized in the WRAP restraint.

28.     One VPD officer defendant then also applied a carotid restraint hold to the rear of Plaintiff's neck, while a needle was repeatedly inserted into Plaintiff's right arm, which was handcuffed behind his back. In addition, as these blood sample draws were attempted, Plaintiff's upper body and head were forcibly pressed forward by defendants, towards his immobilized outstretched legs on the concrete floor.

29.     On information and belief, the person who performed the blood draw later testified that she did not warn Plaintiff that she was about to stick a needle into one of the arms handcuffed behind his back. As a result, Plaintiff's arm jerked when he was stuck with a needle behind his back without warning. One of the VPD officer defendants then applied an unnecessary pain compliance hold to one of Plaintiff's wrists, by bending the wrist at a 90-degree angle, causing Plaintiff further pain. Blood sample draws were performed multiple times on Plaintiff by sticking a needle in an arm handcuffed behind his back, without prior warning.

30.     At all material times, Plaintiff never threatened any person nor interfered with any police officer. At all material times, Plaintiff was not violent or combative, did not actively or physically resist or interfere with the defendants, and posed no imminent threat of injury to any person.

31.     Plaintiff suffered injuries as a result of the various and unnecessary uses of force described above.

32.     After the blood sample draws were taken, Plaintiff was left in the holding

**FIRST AMENDED COMPLAINT AND JURY DEMAND**                                                                 5

cell for hours, still handcuffed excessively tightly, immobilized in the WRAP restraint, and hooded.

33. Defendants failed to report or otherwise document Plaintiff's various injuries resulting from the excessive force used on him during the blood sample draw and thereafter.

34. Plaintiff was eventually taken to the Solano County Jail, still handcuffed, hooded, and in the WRAP restraint, where the jail receiving nurse(s) refused to accept him into the jail given his obvious injuries. Plaintiff was then taken to NorthBay Medical Center. Defendants continued to keep Plaintiff in the cloth hood and WRAP restraint throughout this period of time, through when he arrived at NorthBay Medical Center, and beyond.

35. Plaintiff is informed and believes and thereon alleges that each of the foregoing defendants – being Defendants VPD Officers Spencer, Bailey, Baxley, Taylor, Vallimont, Criste, Kelly, Outly, and Sgt. Cordona ("the VPD officer defendants") – acted as a team and were integral participants in each and every use of force upon Plaintiff as described above in paragraphs 26 through 32, and paragraph 38 below, or assisted in such uses of force, or failed to intervene in such uses of force.

36. The conduct herein alleged of the VPD officer defendants, and each of them, was perpetrated upon Plaintiff with intent, malice, and without provocation, or in the alternative was done in reckless disregard of Plaintiff's rights. Each and every use of force described herein was without warning to Plaintiff and was objectively unreasonable under the circumstances. Each defendant either personally used unreasonable and unnecessary, excessive, force upon Plaintiff, or authorized, ratified, contributed to such conduct, or failed to intervene in another defendants' use of excessive force.

37. The conduct herein alleged of the VPD officer defendants, and each of them, was perpetrated upon Plaintiff negligently in that said defendants failed to use reasonable care to ensure no unreasonable and excessive force was used on Plaintiff. Each and every use of force described herein was without warning to Plaintiff and was objectively unreasonable under the circumstances. Each defendant either personally used unreasonable and unnecessary,

excessive, force upon Plaintiff, or authorized, ratified, contributed to such conduct, or failed to intervene in another defendants' use of excessive force.

38. Plaintiff further alleges it was also an unnecessary, unreasonable, excessive use of physical restraints on Plaintiff to maintain the WRAP restraint, cloth hood, and excessively tight handcuffs through the prolonged period that he was in the Vacaville Police Department holding cell, then eventually taken to the Solano County Jail, to NorthBay Medical Center, and then back to Solano County Jail.

39. On information and belief, the VPD officer defendants failed to document Plaintiff's injuries in the resulting police incident report, and failed to take photographs and otherwise document Plaintiff's patent injuries resulting from the force used on Plaintiff, and failed to promptly obtain medical care for Plaintiff, contrary to established stated VPD policies. The VPD officer defendants have given false statements, concealed material information, and have otherwise attempted to cover-up their misconduct, violations of State and Federal Constitutional rights, and tortious and unlawful conduct.

40. Plaintiff is informed and believes and thereon alleges that the written policies and procedures of the VPD specifically prohibit use of choke holds, and that a July 8, 2020 VPD Memorandum specifically states, in part that, "the Vacaville Police Department has long prohibited the use of choke holds."

41. Plaintiff is informed and believes and thereon alleges that Defendants Vacaville and VPD, and Does 1 through 25, have received numerous complaints and have extensive additional information concerning VPD officers' use of excessive force, including choke holds and/or carotid artery control holds, in violation of the written rules and procedures of the VPD, and the rights of the public, committed by various VPD officers, including but not limited to some or all of the VPD officer defendants, and that among those complaints are that reported in the matter of *Galvan v. City of Vacaville* (E.D.Cal.2018) 2018 WL 4214896, in which Vacaville Police were alleged to have used a choke hold, and which the City of Vacaville paid to settle in March 2019.

42. Defendants Vacaville and VPD, and Doe Defendants 1 through 25, and each of them, by their deliberate acts, reckless conduct, and negligence in failing to train, supervise, discipline and/or investigate complaints and/or charges against various VPD officers, including but not limited to some or all of the VPD officer defendants, proximately caused injuries to Plaintiff.

43. Plaintiff is informed and believes and thereon alleges that at all times herein alleged it was the stated custom and policy of the VPD to ban use of choke holds by VPD and its employees.

44. Plaintiff is informed and believes and thereon alleges that at all times herein alleged it was the stated custom and policy of the VPD that carotid restraint control holds may only be used to restrain a subject who is violent, combative, or actively physically resisting.

45. Plaintiff is informed and believes and thereon alleges that at all times herein alleged it was the de facto custom and policy of the VPD to ignore known or reported uses of choke holds and carotid control holds by VPD officers, to behave deliberately indifferent to known or reported uses of choke holds and/or carotid holds by VPD officers, and to otherwise ratify, tolerate, and/or implicitly encourage the violation of the rights of citizens by the use of choke holds and/or carotid restraint holds, contrary to VPD's policies stated in writing. This custom and policy is evidenced by the VPD's failure to train, supervise, discipline and/or investigate complaints and/or charges against VPD officers who had a known propensity for violence and excessive force and/or for using choke holds or carotid restraint holds contrary to VPD's written policies, violating the rights of citizens; among those complaints is that reported in the matter of *Galvan v. City of Vacaville* (E.D.Cal.2018) 2018 WL 4214896, in which VPD officers were alleged to have used a choke hold and the City of Vacaville paid to settle those claims in March 2019. The acts herein described of the defendant VPD officers, and each of them, and the failure to investigate or discipline those defendant VPD officers or any of them, were in keeping with said de facto VPD customs and policies to implicitly permit the use of excessive force, including choke holds and carotid restraints, in contradiction of VPD's written

**FIRST AMENDED COMPLAINT AND JURY DEMAND**                                                                 8

policies, and to effectively ratify such violations of VPD written policies and uses of excessive force by failures to investigate or discipline VPD officers who use excessive force.

46. On information and belief, in August 2021 the Solano County Superior Court granted Plaintiff's motion to suppress the evidence from the blood sample taken from Plaintiff at the time of the events described herein, based upon the excessive force used by the VPD defendant officers, including the use of choke holds, finding that the choke hold used there and the length of time it was used "shocked the conscience" of that Court. On information and belief, in making its findings of fact and conclusion of law in granting Plaintiff's motion to suppress the evidence from the blood draw, the Superior Court stated in the recordings of the proceedings of the hearing: "Choking someone for three minutes so you can take his blood shocks the conscience; it is not reasonable for law enforcement to choke somebody for three minutes to gain their compliance to take their blood."

## V. DAMAGES

47. As a direct and proximate result of the acts and omissions of Defendants, and each of them, Plaintiff sustained damages, in an amount to be determined according to proof, including but not limited to head, neck, nose and eye injuries, petechial hemorrhages in both eyes, right and left hand injuries, numbness in hands, left elbow joint injury, injury to solar plexus, a patch of hair pulled out of his head, bruises to back and ribs, persistent headaches, PTSD, pain and suffering, emotional distress, fear, anxiety, humiliation, loss of personal reputation, embarrassment, medical expenses, loss of income, loss of physical liberty, and the deprivation of his State and Federal Constitutional rights to be free from unreasonable searches and seizures, to be free from unreasonable and unnecessary uses of force, and to be free from bodily restraint and harm and from personal insult and injury to personal relations, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, the California Constitution, and California Civil Code Section 43.

48. Plaintiff has incurred and will continue to incur attorney's fees to vindicate his rights, and thus is entitled to reasonable attorneys' fees according to proof.

49. Plaintiff alleges on information and belief that the conduct of the individual defendants was intentional, reckless and oppressive and was done with the intent of depriving Plaintiff of his statutory and constitutional rights. The acts of the individual defendants, therefore, are such that punitive damages should be imposed against them in an amount commensurate with the wrongfulness alleged herein.

## VI. JURY DEMAND

50. Plaintiff hereby demands a jury trial in this case.

### FIRST CAUSE OF ACTION
(Violations of Civil Rights, 42 U.S.C. § 1983)
(Defendants Spencer, Bailey, Baxley, Vallimont, Taylor, Criste, Outly, Kelly and Cordona )

51. Plaintiff hereby realleges paragraphs 1 through 50 of this complaint, as though set forth fully herein**.**

52. As a direct and proximate result of the actions and omissions of the VPD officer defendants, and each of them, Plaintiff was deprived of his rights and privileges under the Fourth Amendment and the Fourteenth Amendment to the United States Constitution, and the Constitution and laws of the State of California, including but not limited to California Civil Code Section 43, in that plaintiff was wrongfully and without proper cause subjected to unreasonable and excessive force, and was deprived of needed medical care while in the care, custody or control of Defendants.

53. Defendants subjected Plaintiff to Defendants' wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and/or with conscious and reckless disregard for whether the rights and safety of Plaintiff would be violated by their acts and/or omissions.

54. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages as set forth at paragraphs 47 through 49, above.

55. The conduct of Defendants Spencer, Bailey, Baxley, Vallimont, Taylor, Criste, Outly, Kelly and Cordona, and each of them, entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983.

56. Plaintiff also claims reasonable costs and attorneys' fees under 42 U.S.C. § 1983 and as allowed by law.

**SECOND CAUSE OF ACTION**
(Violation of Civil Rights, 42 U.S.C. § 1983)
(Defendants Vacaville, VPD, Chief Ian Schmurtzler, and Does 1 - 25)

57. Plaintiff hereby realleges paragraphs 1 through 56 of this complaint, as though set forth fully herein.

58. Defendants Vacaville, VPD, Chief Ian Schmutzler and Doe Defendants 1 through 25, as a matter of policy, practice and custom, have with deliberate indifference failed to adequately train, instruct, monitor, supervise or otherwise direct its officers and employees, including the individual Defendants herein, with regard to VPD stated policy prohibiting the use of choke holds and limiting the permissible circumstances for using carotid restraint holds, and with regard to its policies for immediately obtaining medical care for citizens in VPD care, custody and control, with deliberate indifference to citizens' and Plaintiff's constitutional rights, which were thereby violated as described above.

59. Defendants Vacaville, VPD, Chief Ian Schmurtzler and Doe Defendants 1 through 25, as a matter of policy, practice and custom, have with deliberate indifference failed to adequately monitor, supervise, discipline and/or investigate complaints and/or charges against VPD officers, such as the VPD defendant officers, who use choke holds or carotid restraint holds contrary to written VPD policies, fail to intervene when choke holds or carotid restraint holds are used by other officers in their presence, fail to document injuries received by citizens in their care custody and control contrary to written VPD policies, and fail to promptly obtain medical care for injuries received by citizens in their care custody and control contrary to written VPD policies, violating the rights of citizens and Plaintiff's constitutional rights, which were thereby violated as described above; among those complaints is that reported in the matter of *Galvan v. City of*

*Vacaville* (E.D.Cal.2018) 2018 WL 4214896, in which Vacaville Police were alleged to have used a choke hold, and the City of Vacaville paid to settle those claims in March 2019.

60. On information and belief, defendants Vacaville, VPD, Chief Ian Schmurtzler and Doe Defendants 1 through 25 had actual or constructive knowledge of the Solano County Superior Court ruling ion Plaintiff's DUI case granting the motion to suppress evidence of the blood draw because of the VPD officer defendants' unreasonable and excessive use of force, specifically, the use of the choke hold, as to which the Superior Court stated in the recordings of the proceedings of the hearing: "Choking someone for three minutes so you can take his blood shocks the conscience; it is not reasonable for law enforcement to choke somebody for three minutes to gain their compliance to take their blood."

61. On information and belief, following the dismissal of criminal charges against Plaintiff by the Solano County Superior Court because the use of the choke hold was excessive and "shocked the conscience," defendants Vacaville, VPD, Chief Ian Schmurtzler and Doe Defendants 1 through 25 investigated the defendant VPD officers' conduct with regard to the force used on Plaintiff by them as described above, and, notwithstanding the Superior Court's ruling on the record to suppress the blood draw evidence based upon a finding of unreasonable and excessive force used on Plaintiff, and notwithstanding previous allegations of improper use of a choke hold including but not limited to those presented in the *Galvin v. City of Vacaville* matter noted above, defendants Vacaville, VPD, Chief Ian Schmurtzler and Doe Defendants 1 through 25 concluded the use of force on Plaintiff was not improper and condoned or permitted while failing to remediate improper use of choke holds on Plaintiff and other citizens, in clear violation of VPD written policies to go unremarked upon or otherwise repudiated, despite the Superior Court's explicit findings of fact and conclusions of law that improper VPD officer conduct compelled the suppression of the evidence proffered in the criminal case against Plaintiff because the use of the choke hold on Plaintiff "shocked the conscience" of the Court.

62. Plaintiff is informed and believes and thereon alleges that the following alleged facts – (a) that the VPD's long standing written police practices specifically prohibit choke holds and limit the use of carotid restraints to instances of imminent threat, and its July 2020

**FIRST AMENDED COMPLAINT AND JURY DEMAND** 12

Memorandum states that the VPD has "long prohibited the use of choke holds;" (b) that before the subject incident involving Plaintiff, previous claims of improper use of choke holds had been asserted by citizens, including the *Galvin* matter noted above, which proceeded to litigation and which the City paid to settle in March 2019; (c) in, and the fact that, here, a Solano County Superior judge went on record to suppress the subject blood draw evidence because the use of the choke hold on Plaintiff "shocked the conscience;" (d) that despite the clear written VPD policies prohibiting choke holds, the prior claims and litigation regarding choke holds, a Solano County judge's extreme rebuke dismissing the subject charges due to wrongful conduct by officers in the use of a choke hold, VPD policymakers, including but not limited to Chief Schmurtzler, investigated the Solano County judge's determination and concluded the use of a choke hold did not violate VPD policy so as to require any no action to repudiate or remediate the use of a choke hold, contrary to long standing specific VPD policies – taken together, create a reasonable and credible inference that VPD has effectively turned a blind eye to instances of the use of choke holds by its officers in violation of its written policies, such that these policymaking VPD and/or City Defendants effectively ratified such use and custom of use of choke holds in contravention of the policies set forth in VPD's actual written policies and procedures.

63. Plaintiff is informed and believes and thereon alleges that in addition to the investigations concerning the *Galvin* matter use of a choke hold and the investigation of the use of a choke hold upon Plaintiff, following the Solano County Court's statements that said use of a choke hold "shocked the conscience," VPD records of citizen complaints will reveal a pattern and practice of effectively ratifying other previous reported uses of choke holds in contravention of long standing written VPD polices.

64. Accordingly, defendants Vacaville, VPD, Chief Ian Schmutzler and Doe Defendants 1 through 25, and each of them, have ratified the VPD defendant officers' tortious conduct, misconduct, and violations of State and Federal constitutional rights, evidencing a de facto custom, policy, and practice of tolerating violations of VPD written policies concerning improper use of choke holds and carotid restraints, and other excessive uses of force, and

Case 2:22-cv-00273-JAM-SCR   Document 11   Filed 04/29/22   Page 14 of 14

deliberate indifference to timely obtaining medical assistance to persons injured while in VPD care, custody, and control.

65. The unconstitutional actions and/or omissions of the VPD officer defendants, and each of them, as described above, were therefore ordered, approved, tolerated, authorized, directed, and/or ratified by policy making officers for Vacaville and VPD.

66. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies practices and procedures of Defendants Vacaville, VPD, Chief Ian Schmurtzler and Doe Defendants 1through 25, Plaintiff sustained serious, severe and permanent injuries as described in paragraphs 47 through 49 above.

WHEREFORE Plaintiff prays for judgment as follows:

1. For general damages, including to compensate him for emotional distress, pain and suffering, according to proof at the time of trial,
2. For special damages, including loss of earnings, according to proof at the time of trial;
3. For punitive and exemplary damages as against the individual defendants commensurate with the acts complained of herein;
4. For costs of suit and reasonable attorneys' fees;
5. For such other and further relief and damages as the Court may deem just and proper.

DATED: April 29, 2022            Respectfully submitted,
                                 HELBRAUN LAW FIRM

                                 /s/ David M. Helbraun
                                 DAVID M. HELBRAUN
                                 Attorneys for Plaintiff
                                 ANTHONY PAZMINO

**FIRST AMENDED COMPLAINT AND JURY DEMAND**                                14