UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANTHONY PAZMINO,

        Plaintiff,

   v.

CITY OF VACACILLE, et al.,

        Defendants.

No. 2:22-cv-00273-JAM-DB

**ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS**

Anthony Pazmino ("Plaintiff") filed this lawsuit against the City of Vacaville ("City"), Vacaville Police Department ("VPD"), Vacaville Police Chief Ian Schmutzler ("Schmutzler"), various VPD officers, and Doe defendants (collectively "Defendants"), alleging a host of civil rights violations relating to a blood alcohol content sample taken from Plaintiff while he was in VPD custody. See First Am. Compl. ("FAC"), ECF No. 11.  Defendants filed a motion to dismiss Plaintiff's second cause of action for Monell liability against the City, Schmutzler, and fictious persons.  See Mot. to Dismiss ("Mot."), ECF No. 12.  Plaintiff filed his opposition and Defendants replied.  See Opp'n, ECF No. 17; see also Reply, ECF No. 18.

1

For the reasons set forth below, the Court GRANTS Defendants' Motion to Dismiss with leave to amend.[1]

## I.   BACKGROUND

On February 14, 2020, VPD officers arrested Plaintiff for allegedly driving under the influence ("DUI") of alcohol and took him to the local police station.  FAC ¶ 1.  While in custody, the VPD obtained a warrant to obtain a blood alcohol content sample ("sample") from Plaintiff.  Id.  Plaintiff asked to see the warrant, but his request was denied.  Id. ¶ 25.  Plaintiff alleges that, without provocation, VPD officers collectively restrained him to obtain the sample by handcuffing him with excessive tightness, kicking and kneeing him, placing him in a choke hold, binding him in a WRAP restraint, and eventually putting him in a carotid restraint hold.  Id. ¶¶ 24-20.  After restraining him, a VPD officer or employee allegedly repeatedly inserted a needle into his right arm to acquire the sample.  Id. ¶ 28.

In August 2021, the Solano County Superior Court dismissed Plaintiff's DUI charges after granting Plaintiff's motion to suppress the sample, finding that the VPD officers' conduct was excessive under the Constitution.  Id. ¶¶ 60-61.  The court particularly frowned upon the officers' choke hold use, stating such actions "shocked the conscience" and that "it is not reasonable for law enforcement to choke somebody for three minutes to gain their compliance."  Id.  Plaintiff also alleges

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for August 23, 2022.

that after his DUI charges were dismissed, Defendants City, VPD, and Schmurtzler investigated the incident and found the conduct was not improper despite their awareness of the Superior Court's holding and VPD policies prohibiting choke holds.  Id. ¶¶ 61-62.

Plaintiff then initiated this action and filed his First Amended Complaint based on two § 1983 claims.  Id. ¶¶ 57-66.

## II.  OPINION

### A.  Legal Standard

When weighing a motion to dismiss, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008).  However, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)).  Facial plausibility exists when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  However, "a formulaic recitation of a cause of action's elements will not do."  Twombly, 127 S. Ct. at 1965.  Such statements are "legal conclusion[s] couched as factual allegation[s]" that must be dismissed.  Papasan v. Allain, 106 S. Ct. 2932, 2944 (1986).

### B.  Analysis

#### 1.  Plaintiff's § 1983 Claims

Plaintiff's second cause of action is a Monell claim under § 1983 alleging: (1) Vacaville, the VPD, Schmurtzler, and Does 1

1   through 25 instituted a policy, practice and custom to

2   inadequately train, instruct, monitor, and supervise VPD officers

3   and employees regarding various policies—including the

4   department's prohibition on choke and (2) Schmurtzler ratified

5   the conduct of the officers involved in taking Plaintiff's

6   sample.  FAC ¶¶ 58-59.  Defendants move to dismiss the claim in

7   its entirety, arguing Plaintiff fails to plead sufficient facts

8   to sustain both allegations.  Mot. at 4.  Defendants also

9   correctly point out the FAC does not specify whether Plaintiff is

10  suing Schmurtzler in his official or individual capacity.  Id. at

11  14.

12      In opposition, Plaintiff (1) argues his FAC includes enough

13  facts to substantiate his pleading that Schmurtzler ratified the

14  officers' conduct and (2) clarifies he is suing Schmurtzler

15  individually.  Opp'n at 7, 12.  In reply, Defendants contend

16  Plaintiff does not dispute his failure to state a cause of action

17  "based on a policy, pattern, practice, or inadequate training"

18  and "offers no opposition to dismissal in this regard."  Reply at

19  1.  As a result, Defendants request that Plaintiff's claims based

20  on these theories be dismissed.  Id.  Defendants also maintain

21  Plaintiff's FAC lacks facts to sustain a § 1983 claim against

22  Schmurtzler in his individual capacity.  Reply at 5.

23      Section 1983 "imposes liability on "persons" who, under the

24  color of law, deprive others of a constitutional right."  Galvan

25  v. City of Vacaville, No. 2:18-CV-279-KJM-CKD, 2018 WL 4214896,

26  at *4 (E.D. Cal. Sept. 5, 2018).  Municipalities are liable as

27  "persons" under § 1983 via a Monell claim when: (1) official

28  policies or established customs cause a constitutional injury;

4

1  (2) omissions or failures to act reflect a local government

2  policy of deliberate indifference to constitutional rights; or

3  (3) a local government official with final policy-making

4  authority ratifies a subordinate's unconstitutional conduct.   Id.

5      A Monell claim is not synonymous with a respondeat superior

6  cause of action; a municipality is not liable for an employee's

7  unconstitutional act.   Monell v. Dep't of Soc. Servs. of City of

8  New York, 436 U.S. 658, 690-95 (1978).   Instead, plaintiffs

9  alleging Monell liability must "identify a municipal 'policy' or

10  'custom' that caused the plaintiff's injury."   Bd. of Cty.

11  Comm'rs v. Brown, 520 U.S. 397, 403 (1997).   Plaintiffs must also

12  explain how that policy or custom was deficient and how it

13  "amounted to deliberate indifference, i.e.[,] explain [] how the

14  deficiency involved was obvious and the constitutional injury was

15  likely to occur."   Galvan, 2018 WL 4214896, at *(4 quoting Young

16  v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009)).

17          a.   Monell Claims Against the VPD & Schmurtzler

18      Plaintiff inappropriately names the VPD and Schmurtzler as

19  parties to his Monell claim.   The Supreme Court held an

20  "official-capacity suit is, in all respects other than name, to

21  be treated as a suit against the entity."   Kentucky v. Graham,

22  473 U.S. 159, 166 (1985).   When a municipal official and entity

23  are both named as parties to a suit, "the claims against the

24  individual[] are duplicative and should be dismissed."   Williams

25  v. Dirkse, No. 1:21-CV-00047-BAM-PC, 2021 WL 2227636, at *1 (E.D.

26  Cal. June 2, 2021), report and recommendation adopted, No. 1:21-

27  CV-00047-NONE-BAMPC, 2021 WL 4776904 (E.D. Cal. Oct. 13, 2021)

28  (quoting Vance v. Cty. of Santa Clara, 928 F. Supp. 993, 996

1    (N.D. Cal. 1996)).  The same is true when a municipality's

2    subdivision, such as a police department, is named in the same

3    suit as the municipality.  The appropriate defendant is the

4    entity itself—not the subdivision.  <u>Vance</u>, 928 F. Supp. at 996.

5         Given the above caselaw, Plaintiff's claims against the VPD

6    and Schmurtzler are improper and dismissed with prejudice.  The

7    Court reaches this conclusion despite Plaintiff's opposition

8    stating that he is suing Schmurtzler individually.  Opp'n at 1.

9    Such allegations "are not within the four corners of the

10   complaint."  <u>Bailey v. MacFarland</u>, No. 2:15-CV-01725-TLN-AC, 2016

11   WL 2626040, at *4 (E.D. Cal. May 9, 2016).  Accordingly, the

12   "Court's consideration of these allegations is not appropriate in

13   a ruling on a motion to dismiss."  <u>Id.</u>  Rather, "the appropriate

14   place to assert these new allegations is in an amended

15   complaint."  <u>Id.</u>

16                   b.   <u>Monell Claims Against the City</u>

17        With respect to Plaintiff's <u>Monell</u> claims based on a policy,

18   pattern, practice, or inadequate training, the Court grants

19   Defendants' motion to dismiss because Plaintiff's opposition

20   fails to address Defendants' arguments.  Plaintiff therefore

21   concedes Defendants' arguments in this regard.  <u>See</u> <u>Resnick v.</u>

22   <u>Hyundai Motor America, Inc.</u>, No. CV 16-00593-BRO (PJWx), 2017 WL

23   1531192 at *22, (C.D. Cal. Apr. 13, 2017) ("Failure to oppose an

24   argument raised in a motion to dismiss constitutes waiver of that

25   argument").

26        Plaintiff's remining <u>Monell</u> claim—that Schmutzler ratified

27   the officers' conduct—also fails.  For such a claim to survive a

28   motion to dismiss, Plaintiff is required to state facts showing

                                    6

an "official with final policymaking authority ratified a subordinate's unconstitutional decision or action and the basis for it." Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992). "A policymaker's knowledge of an unconstitutional act does not, by itself, constitute ratification." Christie v. Iopa, 176 F.3d 1231, 1239 (9th Cir. 1999). Additionally, "a policymaker's mere refusal to overrule a subordinate's completed act does not constitute approval." Id. Instead, ratification occurs when the appropriate policymaker makes a "conscious, affirmative choice." Gillette, 979 F.2d at 137. Here, Plaintiff fails to plead any facts alleging Schmutzler is a final policymaking authority. Plaintiff also fails to plead facts to substantiate his contention that Schmutzler consciously and affirmatively chose to ratify the VPD officers' conduct.

State law determines who is a final policymaker under Monell. City of St. Louis v. Praprotnik, 485 U.S. 112, 124 (1988). Here, Plaintiff pleads unconstitutional actions and omissions were "ratified by policy making officers for Vacaville VPD" and states in his opposition that "[t]he Chief of Police is a policymaking authority in a California city police department." FAC ¶ 65; Opp'n at 8. Plaintiff's FAC, in turn, fails to state facts alleging Schmutzler is a final policymaking authority under state law. See Galvan v. City of Vacaville, No. 2:18-CV-279-KJM-CKD, 2018 WL 4214896, at *6 (E.D. Cal. Sept. 5, 2018) (finding Plaintiff did not plead who was the final policymaker under state law despite naming Chief of Police as an authorized policymaker). The Court therefore finds Plaintiff's allegation that Schmutzler ratified the officers' conduct fails.

1    Even if the Court found Plaintiff properly alleged

2  Schmutzler is a final policymaker, Plaintiff's FAC lacks facts

3  demonstrating Schmutzler made a conscious and affirmative choice

4  to ratify the officers' conduct and the basis for such actions.

5  Again, a final policymaker's refusal to overrule a subordinate's

6  unconstitutional act is not enough to substantiate a Monell

7  ratification claim.  Christie, 176 F.3d at 1239, Sheehan v. City

8  and Cty. of San Francisco, 743 F.3d 1211, 1231 (9th Cir. 2014)

9  (finding a "mere failure to discipline" police officers for their

10  unconstitutional actions does not amount to ratification).

11  Instead, a final policymaker must make a conscious and

12  affirmative choice.

13    Here, Plaintiff argues "it appears Schmutzler condoned the

14  use of the choke hold . . . since no remedial or other actions

15  whatsoever were taken in response to the Superior Court's

16  findings."  Opp'n at 8.  As a result, the crux of Plaintiff's

17  claim is that Schmutzler did not discipline the officers involved

18  in taking Plaintiff's blood sample—an impermissible basis for

19  ratification.  Moreover, Plaintiff does not plead any other facts

20  suggesting Schmutzler approved of the alleged excessive force.

21  Plaintiff, as a result, fails to sufficiently plead facts showing

22  Schmutzler made a conscious and affirmative choice to approve the

23  contested behavior.  Accordingly, the Court dismisses the second

24  claim.

25                          III.  ORDER

26    For the reasons set forth above, the Court GRANTS

27  Defendants' Motion to Dismiss.  Plaintiff's Monell claim against

28  the City of Vacaville is dismissed without prejudice.

Plaintiff's <u>Monell</u> claim against the Vacaville Police Department and Vacaville Police Chief Ian Schmutzler, is dismissed with prejudice.  If Plaintiff intends to file an amended <u>Monell</u> claim, he must do so within twenty (20) days of this Order.  Defendants' response pleading is due twenty (20) days thereafter.  If Plaintiff does not file an amended complaint, the case will proceed on the remaining claim in the FAC.

IT IS SO ORDERED.

Dated: October 20, 2022

JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE