UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PAZMINO,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF VACAVILLE, VACAVILLE POLICE DEPARTMENT, VACAVILLE POLICE CHIEF IAN SCHMUTZLER, OFFICER COLE SPENCER, OFFICER CHARLES BAILEY, OFFICER DANIEL BAXLEY, OFFICER MATTHEW TAYLOR, OFFICER RALPH VALLIMONT, OFFICER JAMES CRISTE, OFFICER SEAN KELLY, OFFICER JESSE OUTLY, SGT. KATHLEEN CORDONA, AND DOES 1-25,<br><br>    Defendants. | No. 2:22-cv-00273-JAM-DB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Anthony Pazmino ("Plaintiff") filed this lawsuit against the City of Vacaville ("the City"), various Vacaville Police Department ("VPD") officers, and fictious persons (collectively "Defendants"), alleging a host of civil rights violations relating to a blood alcohol content sample taken from him while he was in VPD custody. See Second Am. Compl. ("SAC"), ECF No. 25.  Before this Court is Defendants' motion to dismiss

1

Plaintiff's newly added claim for violation of the First Amendment in the First Cause of Action and Plaintiff's Monell claim in the Second Cause of Action. See Second Mot. to Dismiss, ECF No. 26. Plaintiff filed his opposition and Defendants replied. See Opp'n, ECF No. 27; see also Reply, ECF No. 28.

For the reasons set forth below, the Court GRANTS Defendants' Motion to Dismiss with prejudice.[1]

## I. BACKGROUND

In February 2020, VPD officers arrested Plaintiff for allegedly driving under the influence ("DUI") of alcohol and took him to the local police station. See SAC ¶ 1. Once in custody, the VPD obtained a warrant to obtain a blood alcohol content sample ("sample") from Plaintiff. Id. Plaintiff asked to see the warrant, but his request was denied. Id. ¶ 24. Plaintiff alleges that, without provocation, VPD officers collectively restrained him to obtain the sample by handcuffing him with excessive tightness, kicking and kneeing him, placing him in a choke hold, binding him in a WRAP restraint, and ultimately putting him in a carotid restraint hold. Id. ¶¶ 25-27. After restraining him, VPD personnel allegedly repeatedly inserted a needle into Plaintiff's right arm to acquire the sample. Id. ¶¶ 27, 28.

In August 2021, the Solano County Superior Court dismissed Plaintiff's DUI charges after granting Plaintiff's motion to

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for February 14, 2023.

2

suppress the sample because it found the VPD officers' conduct excessive under the Constitution. Id. ¶¶ 60-61. The court particularly frowned upon the officers' choke hold use, stating such actions "shocked the conscience" and that "it is not reasonable for law enforcement to choke somebody for three minutes to gain their compliance." Id. ¶ 58. Plaintiff also alleges that after his DUI's dismissal the Vacaville Police Chief, Ian Schmurtzler ("Schmurtzler"), condoned the VPD officers' behavior despite the Superior Court's ruling and VPD policies prohibiting choke holds. Specifically, Plaintiff contends Schmurtzler's approval is exhibited by his "conscious and affirmative choice to ignore" the officers' behavior, which Plaintiff argues "effectively reverse[d] or invlalidate[d]" the VPD's ban on choke holds. Id. ¶ 56.

Plaintiff then initiated this action and filed his First Amended Complaint ("FAC") based on two § 1983 claims alleging: (1) constitutional violations under the Fourth and Fourteenth Amendments against the VPD Officers; and (2) Monell liability against the City, the VPD, Schmurtzler, and unknown persons. See First Am. Compl. ¶¶ 57-66. Defendants filed a motion to dismiss the second claim against the City, the VPD, and Schmurtzler. See First Mot. to Dismiss, ECF No. 12. The Court granted the motion and dismissed the VPD and Schmurtzler with prejudice, but gave Plaintiff leave to file an amended Monell claim. See Order, ECF No. 24. Plaintiff then filed his Second Amended Complaint ("SAC"), renewing his Monell claim against the City. See SAC ¶¶ 46-67. Moreover, the Plaintiff amended his First Cause of Action, without the permission of the Court, to include new

3

allegations under the First Amendment. See Id. ¶ 47. Defendants then filed this motion to dismiss, asking the court to dismiss the new First Amendment claim and the Second Cause of Action in its entirety. See Second Mot. to Dismiss at 2. Plaintiff opposed and Defendants replied. See generally Opp'n; Reply.

## II. OPINION

### A. Legal Standard

When weighing a motion to dismiss, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008). However, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)). Facial plausibility exists when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "a formulaic recitation of a cause of action's elements will not do." Twombly, 127 S. Ct. at 1965. Such statements are "legal conclusion[s] couched as factual allegation[s]" that must be dismissed. Papasan v. Allain, 106 S. Ct. 2932, 2944 (1986).

### B. Analysis

#### 1. Plaintiff's First Amendment Claim

Defendants argue Plaintiff's First Amendment claim is factually unsupported and therefore "improper and not

4

cognizable." Second Mot. to Dismiss at 5. In response, Plaintiff states this new claim "is premised on the allegations that [D]efendants' unreasonable and excessive use of force . . . was in retaliation for his request to see the warrant officers []obtained for a blood draw." Opp'n at 9.

To successfully plead such a First Amendment violation claim, a plaintiff must allege: (1) he engaged in constitutionally protected activity; (2) the defendant's actions would chill a person or ordinary firmness from engaging in the protected activity; and (3) the protected activity acted as a substantial or motivating factor in the defendant's conduct. See Capp v. Cnty. of San Diego, 940 F.3d 1046, 1053 (9th Cir. 2019). The last element requires a plaintiff to plead a defendant's retaliatory animus was the "but-for cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." Id. (quoting O'Brien v. Welty, 818 F.3d 920, 932 (9th Cir. 2016)); see also Capp, 940 F.3d at 1058 (finding Plaintiff properly plead but-for causation under the First Amendment where plaintiff alleged defendants' retaliatory conduct was "purely motivated by [defendant's] desire to retaliate against" plaintiff). Here, the SAC lacks sufficient factual allegations to substantiate the third prong. Simply put, Plaintiff failed to provide any allegations suggesting the VPD officers harbored retaliatory animus toward him or a nexus between such animus and their actions. Plaintiff, thus, has failed to state a plausible First Amendment Claim. This claim within the First Cause of Action is dismissed with prejudice as the Court finds that further amendment would be futile.

See Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002) (finding leave to amend need not be granted when amendment would be futile).

### 2. Plaintiff's Monell Claim

Defendants next contend the SAC fails to cure the defects prompting the Court's previous dismissal of Plaintiff's Monell ratification claim. See Second Mot. to Dismiss at 7. Although Defendants advance various theories supporting this contention, the Court finds their argument that Plaintiff failed to properly plead Schmurtzler is a final policymaker under California law to be the most persuasive. See Id.

To establish a Monell ratification claim, plaintiff must allege "an official with final policymaking authority ratified a subordinate's unconstitutional decision or action and the basis for it." Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992). Importantly, and as the Court noted in its previous order, state law governs who is a final policymaker under Monell. See City of St. Louis v. Praprotnik, 485 U.S. 112, 124 (1988); see also Order at 7. As a result, the Court must look to a state's constitution, statutes, and case law to evaluate "whether governmental officials are final policymakers for the local government in a particular area or issue." Brewster v. Shasta Cnty., 275 F.3d 803, 806 (9th Cir. 2001) (quoting McMillian v. Monroe County, 520 U.S. 781, 785 (1997).

The success of Plaintiff's ratification claim therefore requires him to pinpoint a California legal authority recognizing Schmurtzler as the final policymaker regarding the VPD's chokehold policies. Plaintiff, however, has not done so.

Instead, Plaintiff's SAC summarily identifies Schmurtzler as a final policymaker—a legal conclusion Twombly and Iqbal prohibit. Moreover, the Ninth Circuit cases Plaintiff relies on to support his argument that police chiefs are final policymakers under California law— Christie v. Iopa, 176 F.3d 1231, 1239 (9th Cir. 1999) and Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996)— fail to stand for that contention.  The former determined whether a Hawaii State Prosecutor acted as final policymaker; the latter concerned whether a City Council paying punitive damages constituted ratification.  As a result, Plaintiff's SAC fails to include the necessary factual allegations demonstrating that Schmutzler is a final policymaker under state law. Plaintiff's Second Cause of Action under Monell is dismissed with prejudice as the Court finds that further amendment would be futile. See Gompper, 298 F.3d at 898.

### III.   ORDER

For the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss and DISMISSES Plaintiff's First Amendment claim within the First Cause of Action and Plaintiff's Second Cause of Action under Monell WITH PREJUDICE.

IT IS SO ORDERED.

Dated: April 14, 2023

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE

7